We'll move on to the fifth case of the day, United States against Jeffrey Esposito, appeal number 20-1124, and we'll hear first from Mr. Henderson in his reprise from this morning. Thank you, it's good to see you again, and may I please the court. I represent Jeffrey Esposito in this case. The federal sentencing law envisages that a judge will first determine the total punishment for all of the criminal conduct, considering all of the defendant's history and characteristics, and it does that in a number of provisions. It principally does that under 18 United States Code section 3553A. The whole sentence, the not greater than necessary. That's what the Supreme Court told us in Dean versus United States, that section 3553A is used to set an aggregate term. We see it reflected in the guidelines. Section 1B1.1 tells us how to apply the guidelines and tells us to consider all of the circumstances, and ultimately in section 5G1.2 tells district courts that there are two steps to take in imposing this aggregate sentence. Step one is to determine what is the total punishment, and then step two is to then apportion that punishment among the counts of conviction. If any count is permitted to carry that total punishment, that will be the sentence on that count, and everything will run concurrent. If no count permits the total punishment, then the court will have to fashion the sentence to be consecutive to others. The district court didn't follow that procedure here. Instead of determining what the total punishment ought to be, it went count by count, and I think quite explicitly said, I'm tying the sentences on these particular counts to the guidelines provisions for those counts. These would be counts 1, 13, 14, 15, 17, and 20, and I'm going to make those consecutive, and I'm going to make everything else concurrent, and so the total is 200 years. There's no indication in the record that had the judge first determined what the total punishment should be, and then apportioned the punishment among the counts, that it would have selected a sentence of 200 years, and so I think that the key issue in this case is, well, is this error intended to impose a sentence that would be a de facto life sentence, and so what's the difference between 200 years, 600 years, 100 years? The technical answer, I suppose, is that an error is not harmless if it affected the judgment, and the judgment says 200 years. I don't think the court has any assurance that that's what the judgment would say if the court adhered to the procedure, and so in that sense, it's not harmless, but in another sense, these are symbolic and deterrent value. Judges determine sentences to comply with all of the Section 3553A factors. I find it difficult to say that anything more than 100 years is going to be not greater than necessary. There still is that parsimony provision in Section 3553A, but certainly judges are entitled to a sentence that's high in order to have a symbolic or deterrent sort of announcement of our values. The trouble comes in this case, but also in future cases, when that then becomes the new anchoring effect. I think when some members of the panel were district judges first stepping into your robes, you probably didn't have as good a feel for what a appropriate sentence in a case was going to be. You probably didn't have as good of a feel for what you're going to hear in your career, because by that point, you'd had comparison cases. You'd had cases where this sentence was appropriate before. The guidelines attempt to achieve that uniformity by comparing like cases with like, but the point is, when we have these extremely high sentences that aren't based on a 3553A analysis, but rather by going count by count, that's going to serve to be an anchor for future cases. And when the next defendant does something that's not as serious as the conduct in this case, but is very serious, and the court has to consider, do I give a 40 or a 50 year sentence? I mean, one is a quarter of this sort of sentence, and one is a fifth, and it has an effect. So we don't think the error in this case is harmless. We also heed the Supreme Court's admonition that a remand for procedural error really is a small price to pay to make sure that our system of justice is perceived as being fair, and that the district court actually imposes the sentence it intended to impose. It may very well... Mr. Henderson, can I ask you? I take it you're not arguing there was an error in the guideline calculation here, are you? No, I'm not. I think that there is room to argue that, but it's not plain error. The court in the past has accepted that when the guidelines say life, but no count of conviction carries life, that the guidelines recommendation therefore is the maximum sentence on all counts, which is why the government recommended 620 years. I don't think that's right, but it's not plain error. So we have not argued that. And I'm trying to understand what, particularly given the fact that those six counts that were run consecutively are not grouped, as I understand it, under the guidelines because of basically the horror of the crimes, and the quite distinct harm inflicted in each episode, that I'm hearing. Well, so they constitute separate groups under the provisions of Chapter 3, Section 3D, but you take those different groups and then you combine them together for one guidelines range. So it's not as if they are separate guidelines range. The guidelines range is life, and however we The inquiry under Section 3553A, now that we've got our range, is what is the total punishment? And the total punishment has to take into account everything. Charged conduct, uncharged conduct, the defendant's history and characteristics, everything that's permitted by Section 3661 goes into the District Court's 3553A sentence. So it's not that this is strictly a general, as the Supreme Court's described it in Dean v. United States. So a remand would look at, Judge, what do you think the appropriate sentence is that is sufficient but not greater than necessary for this defendant for all of his conduct, for all of his history and characteristics? Mr. Henderson, didn't the judge make that clear? What she thought was the appropriate sentence? In other words, yes, I agree with you. I think the judge made it clear that she wanted to impose a de facto life sentence. So the question is, is it harmless error to arrive at that sentence through means that's not authorized by federal sentencing? Well, haven't we said in the past that that is harmless? I'm looking at our case a couple years ago, U.S. v. Clark. I think the court has hinted at the idea that a life sentence and a life sentence plus a term of years or anything that constitutes a de facto life sentence is the same as any other life sentence. And so one answer might be to say 200 years is the same as 100 years. For the reasons we've given in our case today, in other words, the judgment is different between 100 and 200 years. And a sentence of 100 versus 200 years has different deterrence, different symbolic value. So I'm not sure that I would agree that the court has specifically held that this is harmless, but it certainly has hinted at that. I don't disagree with that. And I'll save one minute for rebuttal if I can. Thank you. Thank you, Mr. Henderson. Ms. Massa for the government. Thank you, Your Honor, and may it please the Court. Assistant United States Attorney Kelsey Massa on behalf of the government. This court should affirm there was no procedural error whatsoever at sentencing in this case. The appellant's argument finds no support in any of the relevant case law or in the plain language of Section 5g 1.2. The appellant's crimes in this case were truly abhorrent in the 200-year sentence that he received reflects that. Even if there was some sort of procedural error, as Your Honors have already elucidated or referenced, this error was harmless or did not affect this defendant's substantial rights. The district court made it eminently clear that she intended to impose a de facto sentence of life in this case. There's no indication in the record that that would change on remand, and that is the true test for what harmless error is. As a threshold matter, Your Honors, I want to reference quickly the standard of review. It is the government's position that this case deserves plain error review, not de novo. It's true that procedural errors are generally reviewed under a de novo standard, but it gets somewhat sticky given that there's, I don't think there's an underlying understanding that this procedure is actually required or that this procedural rule that appellant says is violated actually exists. This extremely rigid two-step process, I think, is an unduly strained reading of Section 5g 1.2. And I'd also note that the case appellant states in their reply, Pennington explicitly understands that a defendant can forfeit an issue on appeal and not be entitled to de novo review, and I think that's what happened here. The record is extremely clear. There was quite a bit of back-and-forth about how the court was going to fashion the sentence. There was extensive comparison to other cases that the court had previously done where consecutive sentences that ended up being de facto life sentences, where those types of sentences had been imposed, and everyone was familiar with sort of the track that everyone was going down in this case. And the defendant also did actually clarify after that 200-year sentence was stated on the record. They did clarify how that 200-year sentence would affect their marginal deterrence argument, and the court once again stated that, you know, but may not have the effect that defense counsel was worried about in terms of deterring defendants from pleading guilty in the future because they would not be getting any benefit, essentially, from pleading open. I mean, the court essentially disregarded that argument, so I think that this claim truly has been forfeited. And the procedure the sentencing court followed in this case, I think the appellant is simply hard-pressed to find any error, and so they're trying to create one out of whole cloth. The sentencing court correctly calculated the guidelines. There was no objection to the adoption of the 620-year figure. There was extensive briefing. There were sentencing memos, a victim impact statement that the sentencing court noted and was also read in part into the record, and then, you know, detailed arguments by counsel, and the court then went through all of the 3553A factors on the record, explained her reasoning in detail. This case was truly horrific in terms of the type of abuse that this victim had to endure from the time that he was approximately seven years old, and the perpetrator was his own adopted father, and the court was really affected by that and took that into account in making her eventual decision, and 200 years was an appropriate sentence in light of all of those 3553A factors, and the court made it eminently clear that the total punishment would be life in prison, would be a punishment that would ensure that this defendant was never going to have contact with the public again, and so this two-step process that the appellant is asking this court to adopt or to establish is not supported by the plain text of 5G 1.2b. It's not an and-then. It's simply an and. The court shall determine the total punishment and shall impose that total punishment on each such count. The problem is that that subsection isn't entirely helpful in giving guidance to a court in a case like this, where the individual counts of conviction don't carry a life sentence, and so there's no physical way to apportion a life sentence among these different counts because these counts don't carry a life sentence with them. That's why 5G 1.2d exists, is in order to give more guidance on that, and that's the subsection that really controls here because the sentence imposed on any one count of conviction could not be life under those statutes, and so the court was in relation to the conducts were more egregious. It was obviously sort of a difficult line-drawing exercise within the nature of the abuse, but I think it was still reasonable for the court to go through that, and in terms of substance, there's simply no substantive difference between a court saying, I am intending to oppose a sentence of life. This is how I'm going to get there, and the total is going to be 200 years. The rule that appellant is asking for is essentially to say, I'm intending to oppose a sentence of life, specifically a sentence of 200 years, and here is how I got there. There's no indication, either in the record or just in terms of logic, that that rule is necessary. In a case where perhaps the colloquy or other parts of the sentencing hearing indicated a judge leaning in the opposite direction, for example, if a judge had said, you know, I'm inclined based on what I've heard to impose a sentence that would leave open the possibility a defendant could get released, and then they start stacking and come up with a sentence of 150 years and say, well, that was, you know, that's not what I had intended. That math didn't work out quite the way I thought it would, but impose that sentence anyway, that could be error potentially, but that's simply not what happened here. Judge Stinson was extremely thorough and thoughtful in crafting this sentence, and there's if there was error, as was referenced earlier, it would essentially be harmless, and there was no effect on the defendant's substantial rights, which would be the standard if we're proceeding under a plain error review, which, again, is the government's position that that's what is appropriate. There's no indication of any specific harm to Mr. Esposito. The sort of anchoring argument that the appellant makes doesn't hold water, forgive the sort of nautical metaphor there. The test for harmless error is whether there's harm to this particular defendant. Whether it sort of aggregates harm in a different substantial reasonableness context is not the question for this court. The court made it clear that she would be imposing a de facto life sentence, and the appellant's brief even says that it may very well be that she would impose a de facto life sentence again. I think that's an understatement of what the record shows. There was no doubt that the judge intended to impose a sentence that would not allow this particular defendant to ever have contact with the public, ever have contact with children. Again, that was appropriate based on the heinous nature of the conduct in this case. So I'm seeing I'm coming up on the one minute mark. If there are no further questions, I would cede the rest of my time and just ask that this court affirm the defendant's sentence. Thank you. All right. Thank you very much, Ms. Massa. Mr. Henderson, rebuttal? No, thank you, Your Honor. All right. Thank you very much to both counsel for your arguments. The case is taken under advisement.